Case 4:25-cv-04468   Document 6   Filed 01/27/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAOYING ZHANG<br>　　*Plaintiff*,<br><br>v.<br><br>BITFEIFAN TECHNOLOGY CO., INC.,<br>ET AL.,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 4:25-cv-04468 |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff filed his Complaint (ECF 1) on September 11, 2025, and his deadline to serve Defendants was December 10, 2025. *See* Fed. R. Civ. P. 4(c), (m).[1] On December 29, 2025, the Court ordered Plaintiff to effect service by January 23, 2026, and warned that the Magistrate Judge would recommend the District Judge dismiss the case without prejudice for failure to do so. ECF 5. *See also Drgac v. Treon*, No. CIV.A. H-07- 4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (explaining that pro se plaintiffs are entitled to notice before a court dismisses an action sua sponte for failure to serve defendants) (citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir.1996)); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (noting that pro se plaintiff's ignorance of the law does

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

not excuse compliance with rules regarding service). Plaintiff has failed to serve Defendants.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for failure to effect service.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 27, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge